AO 432
(Rev. 2/84)

**Administrative Office of the United States Courts**

## WITNESS AND EXHIBIT RECORD

| DATE 9/3/08 | CASE NUMBER 08-151-M | OPERATOR Golden | PAGE NUMBER 1 |
|---|---|---|---|

| NAME OF WITNESS | DIRECT | CROSS | REDIRECT | RECROSS | PRESIDING OFFICIAL |
|---|---|---|---|---|---|
| FBI Special Agent, Theodore Theisen | 4:15 p.m. | 4:19 p.m. | — | — | Stark |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

| EXHIBIT NUMBER | DESCRIPTION | ID | ADMITTED IN EVIDENCE |
|---|---|---|---|
| 1 | Crim. Comp. in 08-151-M | 1 | Yes |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

AO 91 (Rev. 12/93) Criminal Complaint ◉

# United States District Court

## DISTRICT OF DELAWARE

**UNITED STATES OF AMERICA**

v.

**NICOLI MANGIARACINA, JR.**
**Iowa Road**
**Wilmington, Delaware 19808**

**Criminal Complaint**

**CASE NUMBER:  08-_151-M_**

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.  Between, on or about ___June 9, 2008 and August 28, 2008___  in ___New Castle___ County, in the District of Delaware,  defendant did:

knowingly receive child pornography

in violation of Title _____18_____ United States Code, Section(s) __2252A(a)(2)_____.

I further state that I am a(n) __Special Agent, FBI__ and that this complaint is based
on the following facts:
                                                Official Title

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
Signature of Complainant
Theodore J. Theisen
Special Agent, FBI

Sworn to before me and subscribed in my presence,
__August 29, 2008_____    at    __Wilmington, DE_____
Date                                                     City and State

Honorable Leonard P. Stark
__United States Magistrate Judge__              _____
Name & Title of Judicial Officer                    Signature of Judicial Officer

GOVERNMENT
EXHIBIT
1

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No.08- /5/· M |
| | ) |
| NICOLI MANGIARACINA JR., | ) |
| | ) |
| Defendant. | ) |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Theodore J. Theisen, a Special Agent with the Federal Bureau of Investigation (FBI),
Baltimore Division, Wilmington, Delaware Resident Agency, being duly sworn, depose and state
as follows:

1.      I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI). I have
been employed by the FBI since March of 2004. I have successfully completed the following
FBI cyber crime courses: Cyber Investigative Techniques and Resources, Network Security
Essentials, Network Investigative Techniques for Agents, Counterterrorism &
Counterintelligence Investigations for Cyber Investigators, Advanced Network Investigation
Techniques/UNIX, Wireless Computer Intrusion Techniques, Crimes Against Children - Juvenile
Issues, Crimes Against Children - Basic, Image Scan, and Linux for Law Enforcement Officers.
Prior to working for the FBI, I was employed in the Information Technologies field for
approximately six years. During that time, I gained experience in systems engineering,
programming, automation and systems management. I have held positions as a Computer

1

Programmer, a Systems Management Engineer, and an Outage Analyst. I am familiar with many different Operating Systems, including Microsoft Windows and all of its versions and various versions of UNIX and Linux. In addition, I have industry recognized Microsoft Certifications as a Microsoft Certified Professional plus Internet (MCP+I), and a Microsoft Certified Systems Engineer (MCSE).

     2.    As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

     3.    This affidavit is submitted in support of a criminal complaint charging Nicoli Mangiaracina Jr., of Wilmington, Delaware, with violating Title 18, United States Code, Section 2252A(a)(2), Receipt of Child Pornography.

     4.    For the reasons set forth below, I respectfully submit that this affidavit contains ample probable cause to believe that Nicoli Mangiaracina Jr. knowingly received child pornography via the Internet.

     5.    The statements contained in this Affidavit are based on my experience and background as a Special Agent and on information provided by other law enforcement agents. I have not set forth every fact resulting from the investigation; rather, I have included only that information necessary to establish probable cause to charge Nicoli Mangiaracina Jr. with violating Title 18, United States Code, Section 2252A(a)(2), Receipt of Child Pornography.

### PERTINENT FEDERAL CRIMINAL STATUTES

     6.    Title 18, United States Code, Section 2252A, entitled "Certain activities relating to material constituting or containing child pornography," provides, in pertinent part:

(a) Any person who –

2

(1) knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography;

(2) knowingly receives or distributes –
    any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or
    any material that contains child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer;

(3) knowingly reproduces any child pornography for distribution through the mails, or in interstate or foreign commerce by any means, including by computer;
. . . .

(5)(B) knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer,

shall be punished as provided in subsection (b).

7.    Title 18, United States Code, Section 2256 defines the term "minor" as any person

under the age of eighteen years.

8.    Title 18, United States Code, Section 2256(8) defines "Child Pornography" as

"any visual depiction, including any photograph, film, video, picture, or computer or computer-

generated image or picture, whether made or produced by electronic, mechanical, or other means,

of sexually explicit conduct, where – (A) the production of such visual depiction involves the use

of a minor engaging in sexually explicit conduct; . . . [or] (C) such visual depiction has been

created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit

conduct."

9.    Title 18, United States Code, Section 2256(2) defines "sexually explicit conduct"

as actual or simulated:

3

(a)   Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(b)   Bestiality;

(c)   Masturbation;

(d)   Sadistic or masochistic abuse; or

(e)   Lascivious exhibition of the genitals or pubic area of any person.

10.    Title 18, United States Code, Section 2256(5) defines "visual depiction" as including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image.

## DETAILS OF INVESTIGATION

11.    On June 9, 2008, a Special Agent of the San Diego Division of the Federal Bureau of Investigation, conducted an undercover session on the internet utilizing an enhanced version of the publicly available "Limewire" program.  Limewire is a "peer to peer" client that accesses the Gnutella Network.  The enhanced version is specifically set for single source downloads. Additionally, the software has an embedded mechanism that logs the traffic between the undercover and subject computer.

12.    During this undercover session, the special agent downloaded seven image files, three of which were images of child pornography in which the victims have been identified by law enforcement.  Two examples of images that the special agent downloaded are:

A.    qqaazz - a very GOOD little 3yo girl helping daddy (she doesn't mind at all_!!).jpg

This image depicts an adult male penis penetrating a prepubescent female child approximately three years of age with what appears to be ejaculate around the vagina of the female child

4

B.    lsm-pthc-lsp-uft-51.jpg

This image depicts a naked prepubescent female approximately eight years of age, sitting with her legs spread and her genitalia exposed.

13.    The Gnutella-based user from whom the special agent downloaded these images was assigned an Internet Protocol (IP) address controlled by Comcast Communications, Inc.

14.    Comcast Communications provided business records that confirmed that on June 9, 2008, this IP address was assigned to "Nick Mangiaracina," at his Wilmington, Delaware address.

15.    On August 29, 2008, law enforcement agents executed a federal search warrant at Nicoli Mangiaracina Jr.'s Wilmington residence, where he lives alone.

16.    Pursuant to the search warrant, law enforcement agents seized, among other items, a desktop computer, a hard drive, a digital camera, a cell phone and a memory card.

17.    A preview search revealed that the peer-to-peer application Limewire was installed on the desktop computer. The search also recovered numerous images of child pornography located on the hard drive of the computer. Included among these images were:

A.    A still image of a minor female performing oral sex on an adult male, which had been received from another computer user on or about July 21, 2008;

B.    A still image of a prepubescent girl performing oral sex on two adult males, who had ejaculated on the child's face, which had been received on or about August 27, 2008;

5

C.   A still image of a female who appears to be under two years of age being vaginally penetrated by an adult male penis, received on or about August 27, 2008;

D.   A partial video file, located in a temporary folder created by the Limewire software, entitled "Daddy Rape 1 yo Daughter." This video depicts a blindfolded toddler who appears to be crying as she is vaginally penetrated by an adult male penis. The file was created on Nicoli Mangiaracina Jr.'s desktop computer on August 28, 2008.

18.   During the course of the search, Nicoli Mangiaracina Jr. agreed to participate in a non-custodial interview. Mangiaracina told interviewing agents that he had a "porn problem," and that he views images of child pornography on his computer. Nicoli Mangiaracina Jr. stated that he uses Limewire "about everyday," or words to that effect. Mangiaracina further stated that he conducts searches on Limewire for images of child pornography by entering search terms such as "PTHC," "Pedo," "PTSC," and "LSM." Based on your affiant's training and experience in investigating online child sexual exploitation offenses, your affiant knows that these are popular internet search terms for images of child pornography.

19.   Nicoli Mangiaracina Jr. also stated during the interview that he knew that possessing child pornography was illegal. He stated that he had been viewing child pornography for about the last year. He also told agents that they would find child pornography on another hard drive seized from his residence, which he had stored in an unlocked lockbox.

20.   Nicoli Mangiaracina Jr. further stated that he last viewed child pornography on

6

his computer when he searched for "PTHC" at around 7:30 p.m. on the evening before the search – August 28, 2008.

21.    The preview search of Nicoli Mangiaracina Jr.'s desktop computer confirmed the accuracy of Mangiaracina's statement. The preview software revealed that on August 28, 2008, at about 7:27 p.m., a file was created containing the incomplete download of the video entitled "Daddy Rape 1 yo daughter," referenced in paragraph 17(D) above.

22.    In addition, law enforcement agents showed Nicoli Mangiaracina Jr. printouts of five images of child pornography that the undercover special agent had downloaded from Mangiaracina's computer on or about June 9, 2008. Mangiaracina acknowledged having viewed four of these images. Two of the images that Mangiaracina acknowledged having viewed depict a prepubescent girl, who has been identified by law enforcement agents, engaged in sexually explicit conduct. The images of this child are known to have been produced in Florida.

## CONCLUSION

23.    Based on the above information, there is probable cause to charge Nicoli Mangiaracina Jr., of Wilmington, Delaware, with violating Title 18, United States Code, Section 2252A(a)(2), Receipt of Child Pornography.

Respectfully submitted,

SA Theodore J. Theisen, FBI

Sworn and subscribed before me
this ___ day of August 2008

Honorable Leonard P. Stark
United States Magistrate Judge

7